UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DirecTV, LLC, a California limited liability
company,

       Plaintiff,

v.

Mary Lou Kaser, individually, and as officer,
director, shareholder and/or principal of
Weston Bar & Grill, Inc., d/b/a Lou 'n' Hal's
Weston Bar & Grill,

and

Weston Bar & Grill, Inc., d/b/a Lou 'n' Hal's
Weston Bar & Grill

       Defendants.
       _____/

Case No. 13-13270

Honorable Nancy G. Edmunds

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [15]

Currently before the Court is Plaintiff DirecTV's motion for summary judgment on liability. For the reasons set forth below, the Court GRANTS IN PART Plaintiff's motion specifically with respect to the liability of Defendant Weston Bar & Grill, and DENIES IN PART Plaintiff's motion, specifically with respect to the liability of Defendant Mary Lou Kaser.

### I.   FACTS

The majority of the facts in this case are not contested. Plaintiff, DirecTV, is a provider of subscription satellite television services. Plaintiff offers residential subscriptions to its customers exclusively for private use, and it offers commercial subscriptions to

businesses like bars and restaurants. The commercial subscriptions are more expensive than the residential subscriptions. As a provider of subscription television services, Plaintiff's business is governed by a federal statutory scheme. Specifically, Plaintiff brings the instant lawsuit under the Federal Communications Act ("the Act"), in particular, 47 U.S.C. § 605.

Defendant Weston Bar & Grill, Inc. ("Weston" or "the Bar") is a corporation doing business as a bar. Defendant Mary Lou Kaser ("Kaser") is a part owner and corporate officer of Weston, and has significant management responsibilities at the Bar. The Bar is equipped with Plaintiff's satellite signal receivers and regularly displays content obtained from Plaintiff's service. Kaser admits that the account with Plaintiff that is used for the Bar's satellite service is in the name of Hal L. Kaser, and is billed at the lower, residential rate. Indeed, nothing on the account statement in Hal Kaser's name indicates that the service is to be provided at a commercial establishment, let alone specifically at the Bar.

Plaintiff has submitted voluminous records relating to the account of Hal Kaser, including documentation indicating that the service address on the Hal Kaser account is Kaser's home, not the Bar. Plaintiff states that the account is not a commercial account, and that therefore, Defendants are in violation of the Act in their use of the account at a commercial establishment. Defendants do not claim that the account is a commercial account, nor have they provided any information that would support that assertion. What Defendants do claim is that an authorized representative of Plaintiff's told them that smaller establishments could receive the commercial service from Plaintiff at the residential rate. Defendants further claim that they accepted the terms of that offer and that the authorized

representative installed the requisite satellite television equipment at the Bar. Defendants state that the Hal Kaser account has never been used anywhere other than the Bar.

Plaintiff claims that on November 17, 2012 an investigator working on its behalf entered the Bar and observed that Plaintiff's satellite television services were indeed on display. Defendants freely admit this.

Plaintiff now moves this Court for summary judgment on the issue of Defendants' liability under the Act for the unlawful use of its satellite television service.

## II. ANALYSIS

### A. The Standard on Motion for Summary Judgment

The Sixth Circuit employs the familiar standard for summary judgment, namely, that summary judgment is proper when the movant "shows that there is no genuine dispute as to any material fact, and that the movant is entitled to judgment as a matter of law." *U.S. SEC v. Sierra Brokerage Services, Inc.*, 712 F.3d 321, 326-27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)) (quotations omitted). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id*. Furthermore, the "substantive law will identify which facts are material, and summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

When considering the material facts on the record, a court must bear in mind that "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

Moreover, "[i]n order to survive a motion for summary judgment, the non-moving party must be able to show 'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy." *Arendale v. City of Memphis*, 519 F.3d 587, 605 (6th Cir. 2008) (citing and quoting *Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)).

**B.  Defendant Weston Bar and Grill is Liable Under The Communications Act**

The Communications Act provides that "[a]ny person aggrieved by any violation of subsection (a) of this section or paragraph (4) of this subsection may bring a civil action in a United States district court or in any other court of competent jurisdiction." 47 U.S.C. § 605(e)(3)(A). Subsection (a), in turn, states that "no person receiving [or] assisting in receiving...any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney...." 47 U.S.C § 605(a).

Here, it is undisputed that Defendants received Plaintiff's interstate communication and divulged the contents thereof to people other than the addressee without the proper authorization to do so. That is, Defendants used the account on which Hal Kaser was the addressee for the purposes of displaying the communications transmitted to that account to the customers of the Bar. Defendants' claim that they were told that they could pay the residential rate because of the smaller size of the Bar, even if true, does not counter the fact that Defendants did not have a commercial account with Plaintiff. That is, paying the residential rate on a commercial account is something very different from using a residential account in a commercial establishment. The former is, conceivably, a business practice on

4

the part of Plaintiff that would allow smaller businesses to access Plaintiff's services while allowing Plaintiff to monitor which of its clients are using their services in a commercial setting and make adjustments to prices or services accordingly; whereas the latter does not allow Plaintiff even the information that its services are being used in a commercial setting, let alone any control over that use.

Whether or not Plaintiff ever offered the reduced price deal that Defendants allege, the fact remains that the Act prohibits certain unauthorized use of Plaintiff's services. The Act's prohibition of the divulgence of the contents of satellite signals "except through *authorized* channels of transmission or reception" envisions a system where providers may authorize use of the signal that would otherwise be prohibited. 47 U.S.C § 605(a) (emphasis added). Plaintiff's system of classifying accounts as residential or commercial is one way of exercising that statutorily recognized authority over its service. Here in admitting that they use Hal Kaser's account - which has not been shown to be a commercial account - at the Bar, Defendants have admitted to circumventing that system, and therefore violating the Act.

The Act, however, provides two sets of damages. One set is to be applied in cases of intentional violations of the Act, and the other set is to be applied where "the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section." 47 U.S.C. § 605(e)(3)(C)(iii). Defendants' claims regarding what they were told by one of Plaintiff's agents goes to this statutory distinction. The Court, therefore, will not rule on the issue of damages at this time.

As a result, the Court finds no genuine dispute as to the material fact of Defendant Weston Bar and Grill's violation of the Telecommunications Act, and hereby finds Weston Bar and Grill liable for such violation.

### C. Plaintiff's Motion As to Defendant Mary Lou Kaser is Denied

The facts currently before the Court establish that Defendant Mary Lou Kaser is an owner of the Bar with significant management duties. That alone, however, is not sufficient to establish her liability as a shareholder or member of a corporation. The Bar is organized as a corporation, making Kaser's ownership interest that of a shareholder. Plaintiff has not pointed to any authority or made any arguments in favor of piercing the corporate veil to reach Kaser as a shareholder. *See, e.g.*, *Joe Hand Prods., Inc. v. Cain*, 06-CV-12213, 2006 WL 2466266 (E.D. Mich. Aug. 24, 2006) (refusing to dismiss a claim under 47 U.S.C. § 605 against a business owner where the plaintiff argued for and pointed to authority supporting piercing the corporate veil.). Here, while the claim against Kaser may be valid, Plaintiff has not established that it is entitled to summary judgment on the issue of shareholder liability. Additionally, the account at issue is in Hal Kaser's name, not Mary Lou Kaser's name, which creates an additional factual hurdle for Plaintiff to clear should it decide to further pursue its claim against Defendant Kaser in her individual capacity.

The Court, therefore, DENIES Plaintff's motion as to Defendant Mary Lou Kaser's liability.

### III. CONCLUSION

In light of the foregoing, the Court hereby GRANTS Plaintiff's motion for summary judgment on the issue of Defendant Weston Bar and Grill's liability for violation of 47 U.S.C § 605(a). As to the liability of Defendant Mary Lou Kaser, neither party has addressed the

issue of director, officer, or shareholder liability in the context of violations of the Telecommunications Act, and as such, the Court DENIES Plaintiff's motion on that issue, but notes that the claim against Mary Lou Kaser is still live.

    SO ORDERED.

                              s/Nancy G. Edmunds
                              Nancy G. Edmunds
                              United States District Judge

Dated:  July 29, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 29, 2014, by electronic and/or ordinary mail.

                              s/Carol J. Bethel
                              Case Manager